1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CINDY SHOWERS-BAKER, | ) | 1:04cv6022 DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| | ) | APPLICATION FOR ATTORNEYS' FEES |
| | ) | AND COSTS |
| v. | ) | |
| | ) | (Document 22) |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a petition for attorney fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on June 27, 2005, by Plaintiff's attorney, Henry Reynolds.  Defendant filed an opposition on July 7, 2005, arguing that the request is premature and amount of the request is unreasonable.  Plaintiff filed a reply on July 17, 2005.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

## BACKGROUND

On February 19, 2003, ALJ Hoffman issued a decision denying Plaintiff's application for disability insurance benefits.  On July 27, 2004, Plaintiff commenced the instant action in this

---

[1] The parties consented to the Jurisdiction of the United States Magistrate Judge.  On April 14, 2005, the Honorable Anthony W. Ishii reassigned the case to the undersigned for all purposes.

Court, and on June 17, 2005, the Court issued its order remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff's attorney, Henry Reynolds, filed this motion on June 27, 2005, requesting $10,039.51 in attorneys' fees and $241.88 in costs pursuant to the EAJA.  Defendant opposed the motion on July 7, 2005, arguing that Mr. Reynolds request was premature and unreasonable.  On July 17, 2005, Mr. Reynolds filed a reply and requested an additional 3.0 hours for time spent in preparing the reply.

**DISCUSSION**

A.   Timing of Motion

Defendant first argues that this request is premature based on the EAJA's direction that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action . . ."  28 U.S.C. § 2412(d)(1)(B).  The EAJA defines "final judgment" as "a judgment that is final and not appealable. . ."  28 U.S.C. § 2412(d)(2)(G).  In cases remanded pursuant to sentence four, the date of entry of judgment starts the 60 day period for appeal running.  Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Defendant explains that the June 17, 2005, order remanding the case became final on August 16, 2005, when the 60 day appeal period expired.  Based on this, Defendant contends that the first day Plaintiff could have filed the request was August 16, 2005, and that the June 27, 2005, request is therefore premature and renders this Court without jurisdiction.

Rather than giving a plaintiff a 30 day window beginning with the date the judgment becomes final as Defendant argues, the EAJA allows a Plaintiff to file a request for fees within 90 days of a properly entered judgment.  Brown (Willadsen) v. Shalala, 859 F.Supp. 1304, 1307 (E.D.Cal., 1994).  Here, the order remanding the case and judgment were entered on June 17, 2005.  Plaintiff's request was therefore timely.

B.   Reasonableness of Request

_____Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that

2

"special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A).  An award of

attorney fees must be reasonable.  <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 (9th Cir. 2001).

In his application, Mr. Reynolds requests attorneys' fees in the amount of $10,039.51 (for

63.1 hours[2]) and costs in the amount of $241.88.[3]  In support of his request, he attaches itemized

bills for time spent from July 22, 2004 through June 27, 2005.  In his reply, he requests fees for

an additional three hours spent in preparing the reply brief, for an additional $479.16 in

attorneys' fees.

      1.     *Total Hours Requested*

Defendant first objects to the total amount of hours requested as unreasonable.  Defendant

characterizes 63.1 hours as excessive and, citing <u>Patterson v. Apfel</u>, 99 F.Supp.2d 1212 (C.D.

Cal. 2000), contends that the Court should reduce the request to 37.25 hours of billable time.

In <u>Patterson</u>, the court found that 37.25 hours was a reasonable amount of time spent in

preparation of the case, where the "presentation of plaintiff's claims . . required significantly

more factual development and legal analysis than was required at the administrative level," the of

points and authorities filed by plaintiff's counsel were detailed and thorough, and some of the

issues were not routine.  <u>Id.</u> at 1213.  The court also surveyed other EAJA awards, noting that an

"approved range" was anywhere from 20 to 46.5 hours.  <u>Id.</u> at 1214, n. 2.

Mr. Reynolds supports his request by explaining that he was not counsel at the

administrative level and therefore needed additional hours to review the administrative

proceedings.  He further explains that the record was 1025 pages long and required the viewing

of several hours of video tape.

In opposition, Defendant contends that Plaintiff's case did not require significantly more

factual development and legal analysis than was required before the ALJ, pointing out that only

---

[2] For civil actions commenced on or after March 29, 1996, the EAJA provides for an hourly rate of
$125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee.  28
U.S.C. § 2412(d)(2)(A).  Mr. Reynolds calculates the cost of living increases as providing for an hourly rate of
$154.88 in 2004 and an hourly rate of $159.72 for time worked in 2005.  Defendant does not contest these hourly
rates.

[3] Defendant does not contest Mr. Reynold's request for $241.88 in costs.

1.0 hour of legal research was necessary.  Moreover, although Defendant concedes that the record was lengthy and that Mr. Reynolds did not represent Plaintiff at the administrative level, Defendant contends that the case was routine.  Based soley on the routine nature of the case, Defendant requests that the 63.1 hours be reduced to 37.25 hours of billable time.

Rather than arbitrarily reduce the overall request, the Court will focus on the amount of time spent reviewing the large administrative record and preparing the opening brief.  Attorney Brian Zeiden indicates that he spent 17 hours reviewing and outlining the record and 22 hours drafting and editing the opening brief and performing legal research.  Declaration of Brian Aaron Zeiden, attached to Application.  In balancing the large record with the relatively routine nature of the claims, the Court finds that counsel is entitled to 12 hours for reviewing the record and 15 hours for preparing the opening brief.  The 39 requested hours is therefore reduced to 27 hours.

2.    *Specific Reductions*

Defendant next points to specific entries that should be reduced and/or omitted because of Mr. Reynolds' failure to identify work performed and/or his double-billing for the same work.

Defendant first argues that Mr. Reynolds claims time for conferences, but fails to include a description of the conferences so as to allow the Court to determine if the request is reasonable.  Defendant also contends that 0.9 hours in repeated entries of 0.1 hours for multiple conferences on the same day is duplicative.[4]  In his reply, Mr. Reynolds does not further explain the conferences.

It is difficult to determine the reasonableness of the numerous conferences where counsel does not provide a description of the subject matter of the conference.  However, given the small increments of time billed, it is reasonable to conclude that counsel had more than one brief conversation with his client on the same day.  As the court in Patterson indicated, the time spent was reasonable where the itemized entries adequately identified the nature of the correspondence *or* the person with whom counsel conferred.  Patterson, 99 F.Supp. at 1214.  Here, counsel

---

[4] On July 22, 2004, counsel lists two 0.1 hour entries for "conference with client."  On October 26, 2004, he lists two 0.1 hour entries for "conference with client."  On December 10, 2004, he lists three 0.1 hour entries for "conference with Defendant."  On March 9, 2005, counsel lists two 0.1 hour entries for "conference with client." Exhibit 1, attached to Application.

4

1

2

indicates the date of the conference, the person with whom he conferred, and the amount of time billed.  The Court will allow these charges.

3

4

5

6

7

8

9

Next, Defendant disputes Mr. Reynolds' August 13, 2004, entry of 0.1 hours for serving the complaint and summons.  Mr. Reynolds does not address this in his reply.  The Court agrees with Defendant that Mr. Reynolds should not be compensated for non-attorney level work that was provided by a legal service.  Similarly, Mr. Reynolds requests compensation for four 0.1 hour entries for filing various documents with the court and 1.0 hours for "research ecf eastern." Again, this is not attorney-level work and Mr. Reynolds is not entitled to compensation.  See Wilkett v. Interstate Commerce Comm'n, 844 F.2d 867, 875-876, n. 6 (D.C. Cir. 1988).

10

11

12

13

14

15

Defendant next disputes a June 25, 2005, entry of 0.1 hours for "conference with Defendant re EAJA," indicating that the only contact on June 25, 2005, was a voicemail message left by Assistant Regional Counsel Katherine Loo for Mr. Reynolds.  Declaration of Katherine R. Loo, attached to Opposition, at ¶ 3.  Perhaps Mr. Reynolds should have classified his time as "retrieving voicemail message from Defendant re EAJA," rather than having a "conference" with Defendant.  Nonetheless, this is time for which Mr. Reynolds should be compensated.

16

17

18

19

20

21

22

23

24

25

26

Finally, Defendant disputes the 5.0 hours spent by Mr. Zeiden on February 9, 2005, for "review/outline record and videotape."  Declaration of Brian Aaron Zeiden, attached to Application.  Defendant explains that counsel does not differentiate between the time spent reviewing the record and the time spent reviewing the videotape, and that because the ALJ relied on a "summary" of the videotape rather than the actual tapes, the time spent reviewing the tapes should not be allowed.  Defendant also correctly notes that the tapes were not part of the administrative record.  In his reply, counsel indicates that he reviewed "several hours" of videotapes and decided not to enter them into evidence because they could not be authenticated. Indeed, as counsel indicates, he would be "derelict" if he failed to review the tapes, which were specifically referenced and relied upon by the ALJ.  The Court will therefore allow this time, subject to the overall reduction set forth above.

27

28

3.      *Time Spent in Connection with Reply Brief*

In his reply, Mr. Reynolds requests an additional three hours of attorneys' fees, which he contends were needed to research and draft his reply.  In the attached declaration, he indicates that he spent one hour reviewing the opposition and two hours researching and drafting the reply. Attorneys' fees for attorney fee litigation are compensable.  <u>Love v. Reilly</u>, 924 F.2d 1492, 1497 (9th Cir. 1991).  The requested time is reasonable and will be allowed.

Accordingly, the Court finds that Mr. Reynolds is entitled to an award of ([7.9 hours in 2004 x 154.88] + [44.7 hours in 2005 x 159.72]) $8,363.03 in attorneys' fees and $241.88 in costs and expenses.

IT IS SO ORDERED.

**Dated:    August 16, 2005**                          **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE

6